FILED
DEC 18 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ALBERT THOMAS,**

    Petitioner,

v.                                                        Civil Action No. 3:14CV12

**HAROLD W. CLARKE,**

    Respondent.

## REPORT AND RECOMMENDATION

Albert Thomas, a former Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 (hereinafter "§ 2254 Petition," ECF No. 1) challenging the Virginia Department of Corrections' ("VDOC") calculation of his release date. The matter is before the Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b). Respondent has moved to dismiss on the ground, *inter alia*, that the § 2254 Petition is barred by the relevant statute of limitations. Since that time, Thomas has been released from incarceration. (*See* Docket Entry from Nov. 26, 2014.) For the reasons set forth below, it is RECOMMENDED that the action be DISMISSED AS MOOT, the Respondent's Motion to Dismiss be DENIED AS MOOT (ECF No. 11), and the Petitioner's Motion to Grant Habeas Corpus be DENIED AS MOOT (ECF No. 15).

### A.   Procedural History

On October 30, 2006, the Circuit Court for the County of Northampton convicted Thomas of eluding a law enforcement officer, assault on a law enforcement officer, and driving while intoxicated, first offense, and sentenced Thomas to an active term of ten years and ten days in prison. *See* Petition for Writ of Habeas Corpus at 1-2, *Thomas v. Dir. of the Dep't of Corr.*,

No. 131350 (Va. filed Aug. 28, 2013). On January 25, 2007, Thomas entered into the custody of the VDOC. (Mem. Supp. Mot. Dismiss Ex. II, at ¶ 7, ECF No. 12-2.) On January 13, 2009, the VDOC generated and sent to Thomas a Legal Update reflecting his good time release date as November 19, 2014. (*Id.* Ex. I, ECF No. 12-1, at 14-15 (as paginated by the CM/ECF docketing system).)

On August 23, 2013, Thomas filed a petition for writ of habeas corpus challenging the VDOC's calculation of his good time release date. *See* Petition for Writ of Habeas Corpus at 4-5, *Thomas v. Dir. of the Dep't of Corr.*, No. 131350 (Va. filed Aug. 28, 2013). On November 6, 2013, the Supreme Court of Virginia dismissed his habeas petition. *Thomas v. Dir. of the Dep't of Corr.*, No. 131350, at 1 (Va. Nov. 6, 2013).

On December 30, 2013, Thomas filed his § 2254 Petition. In his § 2254 Petition, he raises the following claim for relief:

Claim One: The VDOC has incorrectly calculated Thomas's good time release date as November 19, 2014, when the proper release date should be September 21, 2014. (§ 2254 Pet. Attach. 1, at 1.)

On May 5, 2014, the Respondent filed his Motion to Dismiss (ECF No. 11). On November 26, 2014, Thomas notified the Court of his change of address based upon his release from incarceration. (*See* Docket Entry from Nov. 26, 2014.)

**B.    Mootness**

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. A case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). "This means that, throughout the litigation, the [petitioner] 'must have suffered or be threatened with, an

actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). An inmate's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes concrete injury, caused by the conviction and redressable by the invalidation of the conviction." *Id.* However, once a petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)). When a petitioner challenges something other than his underlying conviction, he must prove "continuing collateral consequences" to proceed with the action. *Id.* at 8 (internal quotation marks omitted).

In his § 2254 Petition, Thomas challenges the VDOC's calculation of his release date and not his underlying conviction. Thus, Thomas must demonstrate continuing collateral consequences caused by Respondent's purported miscalculation of his release date. Thomas points to no continuing harm and alleges no collateral consequences that would warrant relief.[1] Accordingly, Thomas's claims are moot. *See Wallace v. Jarvis*, 423 F. App'x 328, 328 (4th Cir. 2011) (citations omitted) (holding that petitioner's appeal was moot when he "challenge[d] the calculation of his release date, . . . [was] released from custody," and alleged no "collateral consequences that would warrant relief"); *Via*, 2014 WL 2619904, at *2 (finding that a petitioner's challenge to the VDOC's release date calculation was mooted by his release); *Crump v. Johnson*, No. CIVA 2:05233, 2006 WL 1705887, at *1-2 (E.D. Va. May 15, 2006) (same). Accordingly, it is RECOMMENDED that the action be DISMISSED AS MOOT, the

---

[1] Indeed, Thomas "has received the object of his petition: release." *Via v. Clarke*, No. 7:13cv513, 2014 WL 2619904, at *2 (W.D. Va. June 12, 2014).

Respondent's Motion to Dismiss (ECF No. 11) be DENIED AS MOOT, and Petitioner's Motion to Grant Habeas Corpus be DENIED AS MOOT (ECF No. 15).

Thomas is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is directed to send a copy of this Report and Recommendation to Thomas and counsel for Respondent.

/s/ Roderick C. Young
United States Magistrate Judge

Date: December 18, 2014
Richmond, Virginia